IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MONICA LYNN WILKERSON, | CV 20–140–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

Before the Court is Plaintiff Monica Lynn Wilkerson's request for judicial review of the Commissioner's decision denying her application for disability benefits under Title II of the Social Security Act.   (Doc. 2.)   For the reasons stated herein, the Court affirms the ALJ's decision.

## BACKGROUND

On October 4, 2017, Wilkerson applied for Title II disability benefits, citing knee, shoulder, back, and hip problems, hearing loss, depression, and brain injury. (Doc. 14 at 313–15.)   Her application was initially denied on May 1, 2018 (*see id.* at 243–47) and upon reconsideration on September 10, 2018 (*see id.* at 250–51). She requested a hearing, and it was held on October 10, 2019.   (*Id.* at 46–72, 252– 53.)

- 1 -

During the hearing, testimony was taken from Wilkerson (*id.* at 50–67) and vocational expert, Dr. Polly Peterson (*id.* at 67–72).   The ALJ issued her decision on November 4, 2019, applying the five-step sequential evaluation before concluding, at the fourth step, that Wilkerson was not disabled.   (*Id.* at 27–36.) Wilkerson sought review at the Appeals Council, but the ALJ's decision was affirmed on July 7, 2020.   (*Id.* at 8–12.)   Wilkerson now seeks judicial review of the Commissioner's decision to deny her benefits, pursuant to 42 U.S.C § 405(g). The case is fully briefed and ripe for ruling.   (Docs. 16, 19–20.)

### STANDARD OF REVIEW

This Court can "set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error."   *Bray v. Commissioner of Social Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009); *see also* 42 U.S.C. 405(g). Findings of fact are conclusive if supported by substantial evidence.   42 U.S.C. 405(g).   "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."   *Bray*, 554 F.3d at 1222.

Importantly, when the evidence "as a whole can support either a grant or denial, we may not substitute our judgment for the ALJ's."   *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007).   Further, harmless errors are insufficient to

justify reversal.   *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Applying this standard, the Court finds the ALJ's decision must be upheld.

ANALYSIS

To be eligible for Title II benefits, Wilkerson must demonstrate she is

disabled within the meaning of the Social Security Act.   42 U.S.C. § 423(a)(1)(E).

This requires Wilkerson to demonstrate that she "is unable to engage in any

substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than twelve months,"

meaning her "physical or mental impairment or impairments are of such severity

that he is not only unable to do h[er] previous work but cannot, considering h[er]

age, education, and work experience, engage in any other kind of substantial

gainful work which exists in the national economy."   42 U.S.C. § 423(d)(2)(A).

A "five-step sequential evaluation process" determines disability.   *Barnhart*

*v. Thomas*, 540 U.S. 20, 24 (2003) (citing 20 C.F.R. § 404.1520).   The ALJ found

in Wilkerson's favor on the first three steps, so the Court need not discuss them on

appeal.   (Doc. 14 at 27–30.)   Wilkerson challenges the ALJ's residual functional

capacity assessment and application of that assessment at the fourth step.   (Doc.

16.)   Wilkerson's argument is two-fold, contending the ALJ's residual functional

capacity assessment is unsupported by substantial evidence and the ALJ "failed to

provide specific, clear, and convincing reasons for discounting" testimony

regarding her "subjective symptoms."   (*Id.* at 5.)

Residual functional capacity assessments are designed to determine the most

an applicant for benefits can do despite their physical or mental limitations.   20

C.F.R. § 404.1545(a)(1).   This assessment requires consideration of "all of the

relevant medical and other evidence" and is used at step five to determine whether

the applicant "can adjust to any other work that exists in the national economy."

20 C.F.R. § 404.1545(a)(3), (5)(ii).   Evaluation of medical evidence requires the

consideration of five criteria, including: (1) supportability, (2) consistency; (3)

relationship with claimant; (4) specialization; and (5) other relevant factors.   20

C.F.R. § 404.920c(c).   Supportability and consistency are most important.   20

C.F.R. § 404.920c(b)(2).

## I.   The ALJ sufficiently explained why she found the opinions of Wilkerson's primary care providers unpersuasive.

The Court begins with Wilkerson's argument that, in fashioning her residual

functional capacity assessment, the ALJ failed to sufficiently explain why the

opinions of her primary care providers were unpersuasive.   First, Wilkerson takes

issue with the ALJ's summary disregard of opinion evidence from APRN Valerie

Chyle. (Doc. 16 at 11.)   During Wilkerson's previous claim for benefits, Chyle

submitted an RFC questionnaire (Doc. 14 at 816–17) and medical source statement

(*id.* at 844–49) on March 23, 2015 and October 5, 2015, respectively.   The ALJ found these opinions unpersuasive because they are "not based on the evidence from the relevant period" and do not concern Wilkerson's "functioning during the relevant period."   (*Id.* at 35.)

Specifically, Wilkerson contends the ALJ was required, under 20 C.F.R. § 404.1520c(b)(2), to articulate supportability and consistency findings in relation to Chyle's opinions in these documents.   (Doc. 16 at 11.)   The Commissioner responds that Chyle's opinions were properly rejected, and any resulting error was harmless.   (Doc. 19 at 13.)   In reply, Wilkerson appears to concede the error was harmless and does not articulate how Chyle's opinions rebut the ALJ's finding of nondisability.   (Doc. 20 at 4.)   Because Wilkerson has not explained how the ALJ's rejection of Chyle's opinions prejudiced her, or conversely, how consideration of her opinions would have supported a finding of disability, the Court must conclude that assuming there was an error, it was harmless.

Second, Wilkerson argues the ALJ erred in finding the opinions of APRNs Fowler, Walters, and Devine unpersuasive.   (Doc. 16 at 11.)   More precisely, Wilkerson argues the ALJ failed to provide "legitimate reasons for discounting" their opinions.   (*Id.*)   The Commissioner responds that the ALJ properly concluded these opinions were "check-box assessments" either unsupported, incomplete, or contradicted by other evidence in the record.   (Doc. 19 at 10–11.)

The Commissioner also argues Wilkerson simply disagrees with the ALJ's interpretation of the record.   (*Id.* at 12.)   The Court agrees with the Commissioner.

As an initial matter, it is important to note the ALJ found the assessments at issue not only to be check-box, but to the extent they were supported by treatment records, the ALJ found such treatment records did not reflect "the degree of limitations in the[] assessments."   (Doc. 14 at 34.)   In other words, the ALJ concluded the APRN assessments were *unsupported* by any associated treatment records.   The Court finds no basis for rejecting this conclusion.   The Court also agrees with the ALJ that the opinions contained within the assessments are inconsistent with the other medical evidence in the record regarding Wilkerson's capabilities, such as in the areas of cooking, cleaning, house and yard work, managing finances, and social activities.   (*See id.* at 361–68.)   The Court understands Wilkerson's frustration regarding the ALJ's interpretation of divergent medical evidence in this case, but the Court does not find the ALJ's conclusions were so unsupported by the record that reversal is warranted.

## II.   The ALJ Articulated Specific, Clear, and Convincing Reasons for Rejecting Wilkerson's Symptoms.

An ALJ "is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking."   *Molina v. Astrue*, 674 F.3d

1104, 1112 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §

404.1502(a).   But when, as here, "there is no evidence of malingering," the ALJ

"must give specific, clear and convincing reasons in order to reject the claimant's

testimony about the severity of the symptoms."   *Id.*   In assessing a claimant's

credibility, the ALJ may utilize "ordinary techniques" including, whether there are

inconsistences between the claimant's conduct and testimony and the nature of the

claimant's treatment history.   *Id.*

Wilkerson largely contends the ALJ's conclusion that her subjective

symptoms were uncredible was not sufficiently supported.   (Doc. 16 at 22–23.)

The United States, for its part, argues the ALJ sufficiently articulated its basis for

discounting Wilkerson's subjective symptoms.   (Doc. 19 at 3–5.)   The Court

agrees and finds Wilkerson's characterization of the ALJ's decision inaccurate.

The ALJ's opinion points to multiple places in the record where Wilkerson's

recitation of the symptoms was more severe than that shown in the record.   For

example, the ALJ pointed out that in multiple places the record contained evidence

that Wilkerson's pain was less than debilitating than she asserted and permitted her

to perform all sorts of everyday life activities.   (Doc. 14 at 33.)   The ALJ also

discussed evidence regarding the treatment sought and received by Wilkerson that

belied the severity of her reported symptoms.   (*Id.* at 33–34.)   This evidence

renders the ALJ's credibility determination clear and convincing.

- 7 -

Accordingly, IT IS ORDERED the ALJ's decision is AFFIRMED.

IT IS FURTHER ORDERED this case is DISMISSED.    The Clerk of

Court shall enter judgment by separate document and close the case file.

DATED this 21st day of July, 2022.

_____
Dana L. Christensen, District Judge
United States District Court